## SCOTT vs. CLARK COUNTY.

1. STATUTE: *Whether constitutionally passed, raised by demurrer.*
An answer denying that an act of the legislature under which the plaintiff claims was constitutionally passed, is but a demurrer; and the court will, at the suggestion of counsel or of its own motion, seek information to determine the question.

APPEAL from *Clark* Circuit Court.
Hon L. J. JOYNER, Circuit Judge.
*Kimball & Coleman* for appellant.
*Rose, contra.*

EAKIN, J. Scott sued the county of Clark in her circuit court, for interest due upon a certain bond of the county; being one of a series issued under the act of April 29, 1873, "authorizing, restricting and regulating the subscription, issue and registration of bonds by counties," etc.

The county answered, admitting all the facts, but denying that there was any such law as that assumed in the complaint. It endeavors to show by plea that the pretended act did not pass both houses of the general

assembly, but that an original bill had passed the house of representatives, and a substitute therefor had been sent to the senate and there acted upon; and had been approved by the governor without having ever passed the house.

The court, sitting as a jury, tried the facts; found that the bill had never passed both houses in a constitutional manner, and had not become a law. Judgment was rendered against plaintiff for costs. He moved for a new trial, and by bill of exceptions brings up certified proceedings of the house and senate, with regard to the passage of the bill, and also copies of the original and substituted bills, which are admitted to have been found on deposit with the secretary of state, but not marked filed.

It was a misconception on the part of the court, and the parties, to consider the issues as made upon facts, and to try them, as by a jury. The answer was nothing, in effect, but a demurrer; it denied that the county could lawfully issue the bonds. That was a question of law, to be determined by the court in its own breast, with such aids to information as it might invoke for its own satisfaction, whether furnished by the parties or not. There was no occasion for a motion for a new trial, nor for a bill of exceptions. This court, without either, under the promptings of counsel, or of its own motion, may seek information to determine whether an assumed law be indeed such.

The act in question is on file in the office of the secretary of state, with the signatures, in due form, of the speaker of the house, the president of the senate, and the governor of the state. This is sufficient *prima facie* to advise the courts of the existence of such a law, and to direct citizens and others in the regulation of their rights and conduct. When an act has actually received the intelligent assent

of both houses of the general assembly, been approved by the governor, and published by authority, there should be, shown a clear and palpable disregard of constitutional directions in its passage, to induce the courts to hold it for naught. The public are not expected, in the transactions of ordinary business, to look behind the acts enrolled and signed; and it would lead to great wrong and inconvenience, as well as destroy all confidence in legislation, if the courts should be hypercritical in supervising the forms and proceedings of the law-making bodies, and setting aside their acts for slight causes.

Looking into the transcripts from the journals, brought to the notice of the court by the attorneys, we find some confusion in describing the bill in places—the clerk not being always particular to distinguish between the original and substituted bills. Yet, upon the whole matter, we conclude that the bill, as printed, passed both houses, and is law.

The court erred in rendering judgment for the defendant.

Let the judgment be reversed, and the cause be remanded for further proceedings, consistent with law and this opinion.